**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MARK ANTHONY SPRINGER,

Petitioner,

vs. No. 21-cv-082 JCH-JHR

LUIS ROSA,

Respondent.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Mark Anthony Springer's *pro se* habeas petition under 28 U.S.C. § 2241 (CV Doc. 1) (Petition). Petitioner challenges the constitutionality of his federal pretrial detention, including the order requiring him to remain in custody pending trial. Because Petitioner has not exhausted his available remedies in the criminal case, the Court will dismiss the Petition.

**BACKGROUND**

On August 11, 2020, Petitioner was indicted for Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a). (CR Doc. 4).[1] He allegedly robbed a gas station by threatening the attendant with a sledgehammer. *Id.* Assistant Federal Public Defender James Loonam was appointed to represent Petitioner. (CR Doc. 11). At the initial arraignment, Magistrate Judge John Robbenhaar determined Petitioner should remain in custody pending trial. (CR Doc. 17) ("Detention Order"). The Detention Order observed, inter alia, that Petitioner previously failed to appear in court as ordered and violated the terms of his probation or supervised release. *Id.* at 3. The Detention Order also found that based on the weight of the evidence, Petitioner's criminal history, and his history

[1] All "CR Doc." references are to the related criminal case, 20-cr-1574 JAP.

of alcohol/substance abuse, no conditions of release could ensure the community would be safe or that Petitioner would appear at trial. *Id.* at 2. Petitioner waived a formal detention hearing and did not appeal the detention order. *See* Docket Sheet in 20-cr-1574 JAP. The presiding District Judge (Hon. James Parker) set a trial for April 5, 2021. (CR Doc. 24).

Petitioner filed the instant *pro se* Petition on February 1, 2021. (CV Doc. 1). He raises four grounds for relief:

Ground 1: Due process violations based on the absence of a bond hearing;

Ground 2: Excessive bond;

Ground 3: Lack of jurisdiction, based on Judge Parker's refusal to "produce [his] delegation of authority … for [A]rticle 3[;]"

Ground 4: "Warden Act of 2005," meaning the "Warden cannot be a third party to [Petitioner's] case[;]"

Ground 5: Ineffective assistance of counsel regarding the bond hearing;

Ground 6: Ineffective assistance of counsel regarding the suppression of evidence.

(CV Doc. 1 at 6-7). In the prayer for relief, Petitioner asks the Court to set a bond hearing within seven days or release him from custody. *Id.* at 7. Petitioner paid the $5.00 habeas fee, and the matter is ready for initial review.

**DISCUSSION**

The Petition is governed by Habeas Corpus Rule[2] 4 and 28 U.S.C. § 2241. Habeas Corpus

---

[2] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Proceedings in the United States District Courts. The Court, in its discretion, applies those rules to the § 2241 petition. *See Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (court acted within its discretion by applying § 2254 Rules to § 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (courts may summarily dismiss any habeas petition that appears legally insufficient on its face).

Rule 4 requires a sua sponte review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.*

Relief is only available under § 2241 where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although § 2241 does not contain an express exhaustion requirement, the Tenth Circuit has held that federal pretrial detainees must exhaust all available remedies before obtaining habeas review. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (petitioner must exhaust all remedies before seeking relief under § 2241)*; Jones v. Perkins*, 245 U.S. 390, 391-392 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). "[A]llowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court would result in needless duplication of judicial work and would encourage judge shopping." *Hall v. Pratt*, 97 Fed. App'x. 246 (10th Cir. 2004) (unpublished). *See also Ray v. Denham*, 626 Fed. App'x 218, 219 (10th Cir. 2015) (unpublished) (citing a collection of cases that "applied the exhaustion rule to … federal detainees").

More recently, the Tenth Circuit "adopt[ed] the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial." *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017). The rule was announced in the context of an alleged speedy trial violation, and it is not entirely clear whether it applies to all pretrial detainees seeking habeas relief. In any event, the Tenth Circuit emphasized that "the writ of habeas corpus should not do service for an

appeal." *Id.* (citing *United States v. Addonizio*, 442 U.S. 178, 184 n.10 (1979)).

It is clear from the face of the Petition that none of the claims are exhausted. Under each ground for relief, Petitioner checked "No" in response to the question: "Did you present [this] Ground … in all appeals that were available to you?" (CV Doc. 1 at 6-7). The criminal docket confirms that Petitioner has not filed a detention appeal or presented any of his claims to Judge Parker. *See* Docket Sheet in 20-cr-1574 JAP. It appears Petitioner may have filed this § 2241 proceeding "to preempt the judge presiding over the criminal case," based on Petitioner's frivolous and inaccurate belief that Judge Parker lacks jurisdiction. *Medina*, 875 F.3d at 1028 (quoting *Williams v. Hackman*, 364 Fed. App'x. 268, 268 (7th Cir. 2010)). In any event, habeas relief is unavailable based on the failure to exhaust, and because interfering in Judge Parker's criminal case at this stage would constitute an improper use of the writ.

The Court will summarily dismiss the Petition. Petitioner should consult his attorney about appealing the detention order in the criminal case or, if the attorney-client relationship has broken down beyond repair, seek new criminal counsel in that case.

**IT IS ORDERED** that Petitioner Mark Anthony Springer's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (**CV Doc. 1**) is **DISMISSED**; and the Court will enter a separate judgment closing the civil habeas case.

SENIOR UNITED STATES DISTRICT JUDGE